IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS L MUSQUEZ,<br>        Plaintiff(s),<br>vs<br>SANTA CLARA COUNTY, et al,<br>        Defendant(s). | No C 07-4623 VRW (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc # 2) |

        Plaintiff, a prisoner at the Santa Clara County Jail, has filed a pro se civil rights complaint under 42 USC § 1983 alleging that jail officials have violated his constitutional right of access to the courts by denying him "pro per status," unmonitored phone calls and access to the law library in connection with his pending medical care case in this court, Murquez v Santa Clara County Jail, No C 07-0318 VRW (PR) (ND Cal filed Jan 18, 2007).

        Plaintiff seeks damages and injunctive relief, as well as leave to proceed in forma pauperis under 28 USC § 1915.

**DISCUSSION**

A.    Standard of Review

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1  "is frivolous, malicious, or fails to state a claim upon which relief may be
2  granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." Id § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v</u>
4  <u>Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

5  To state a claim under 42 USC § 1983, a plaintiff must allege two
6  essential elements: (1) that a right secured by the Constitution or laws of the
7  United States was violated, and (2) that the alleged violation was committed by a
8  person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

9  B.   <u>Legal Claims</u>

10 On January 18, 2007, plaintiff filed a timely action under § 1983 alleging
11 deliberate indifference to his serious medical needs. It was dismissed with leave
12 to amend. On June 21, 2007, plaintiff filed an amended complaint and, on
13 August 2, 2007, the court ordered it served on the defendants. See <u>Murquez v</u>
14 <u>Santa Clara County Jail</u>, No C 07-0318 VRW (PR) (ND Cal August 2, 2007)
15 (order of service). Defendants recently filed an answer and the parties are
16 currently taking discovery in preparation for filing dispositive motions by
17 November 2, 2007.

18 Plaintiff's allegations regarding the difficulties he has encountered in
19 connection with this litigating his medical care action once it was ordered served
20 on the defendants are unfortunate, but insufficient to state a § 1983 claim for
21 denial of his constitutional right of access to the courts. It is well-established that
22 the right of access to the courts is limited to the initiation of a court action. The
23 state is not required to enable a prisoner to litigate effectively once in court. See
24 <u>Lewis v Casey</u>, 518 US 343, 354 (1996).

25 Plaintiff may raise the alleged difficulties in a motion in his pending
26 action, but they cannot form the basis for yet another action under § 1983.

27
28                                       2

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED for failure to state a claim under the authority of 28 USC § 1915A(b).

The clerk enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Musquez3.or1.wpd

3